UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,** formerly known as **STONEWALL INSURANCE COMPANY,** § § § § § § | | |
| *Plaintiff* § § | | |
| v. § § | CIVIL ACTION NO. _____ | |
| **MURCO WALL PRODUCTS, INC., CANAL INSURANCE COMPANY,** and **INTERSTATE FIRE & CASUALTY INSURANCE COMPANY,** § § § § § | | |
| *Defendants* § | | |

**PLAINTIFF BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Berkshire Hathaway Specialty Insurance Company, formerly known as Stonewall Insurance Company (hereinafter "Stonewall"), by and through its undersigned counsel, files this Original Complaint seeking a judgment declaring the rights and duties between and among it, Defendant Murco Wall Products, Inc. ("Murco"), Defendant Canal Insurance Company ("Canal"), and Defendant Interstate Fire & Casualty Company ("Interstate Fire").

**PARTIES**

1. Plaintiff Stonewall is a foreign insurer organized and existing under the laws of the State of Nebraska and authorized to conduct business in Texas.

2. Defendant Murco, a Texas corporation whose registered office is located at 201 NE 21st Street, Fort Worth, Texas 76164, may be served with process by serving its designated agent for service of process, Eva Joan Benton, 300 NE 21st Street, Fort Worth, Texas 76106.

3. Defendant Canal, a foreign insurer organized and existing under the laws of the State of South Carolina and authorized to conduct business in Texas, may be served with process by serving its designated agent for service of process, Corporations Service Company, 508 Meeting Street, West Columbia, South Carolina 29169. In the alternative, Defendant Canal may be served by serving the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701 as agent for service because Defendant Canal does not maintain an agent for service of process in Texas.

4. Defendant Interstate Fire, a foreign insurer organized and existing under the laws of the State of Illinois and authorized to conduct business in Texas, may be served with process by serving its designated agent for service of process, 225 West Washington Street, Suite 1800, Chicago, Illinois 60606. In the alternative, Defendant IFIC may be served by serving the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701 as agent for service because Defendant IFIC does not maintain an agent for service of process in Texas.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter. Diversity of citizenship exists as provided in 28 U.S.C. § 1332, and the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332. This Court has jurisdiction to grant declaratory relief as provided in 28 U.S.C. §§ 2201-2202.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant Murco is a resident of the Northern District of Texas pursuant to 28 U.S.C. § 1391(d) and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## INTRODUCTION

7. Murco is a Texas-based corporation founded in 1971 that specializes in manufacturing and supplying drywall and paint products throughout Texas, Arizona, Colorado, Tennessee, Alabama, and California. Murco has been named as a defendant in numerous lawsuits in which the claimants allege they were exposed to asbestos-containing products manufactured, sold, and distributed by Murco while working in various trades at various jobsites. The claimants allege they have suffered from asbestos-related diseases because of their exposures. This lawsuit concerns the Parties' respective rights and obligations under certain umbrella/excess policies of insurance issued by Stonewall, Canal, and Interstate Fire to Murco.

## FACTS

8. Murco purchased primary and umbrella/excess liability insurance coverage during the 1970s and 1980s. Some of the primary insurers became insolvent after issuing policies to Murco, and they never defended or indemnified Murco against underlying asbestos claims. Murco's other primary insurance policies have been exhausted by indemnity payments.

9. Stonewall issued two umbrella/excess policies to Murco:

- Policy No. 56005894, for the policy period of June 15, 1981 to June 15, 1982 with a limit of $5,000,000 each occurrence and in the aggregate; and

- Policy No. 56010451, for the policy period of June 15, 1982 to June 15, 1983 with a limit of $5,000,000 each occurrence and in the aggregate.

The primary policies beneath Stonewall have been exhausted by payment.

10. Canal issued an excess policy to Murco with limits of $5 million for the 1984-1985 policy period. The primary insurer beneath Canal has been liquidated.

11. Interstate Fire issued an excess policy to Murco with limits of $4 million for the

1985-1988 policy periods. The primary insurer beneath Interstate Fire has been liquidated.

12. Murco claims it has been named as a defendant in hundred of lawsuits by persons alleging bodily injury resulting from exposure to asbestos in products manufactured by Murco ("Pending Asbestos Suits"). On information and belief, Murco is expected to be named in similar lawsuits in the future ("Future Asbestos Suits"). The Pending Asbestos Suits and Future Asbestos Suits are hereinafter referred to as the "Underlying Lawsuits."

13. Pursuant to asserted rights under *American Physicians Insurance Exchange v. Garcia*, 876 S.W.2d 842 (Tex. 1994), on May 16, 2025, Murco "selected" Stonewall to indemnify it for defense costs in connection with seventeen (17) of the Pending Asbestos Lawsuits (the "17 Tendered Claims"):

> *Brown, Lisa SA of Estate of Harold Brown Jr. v. 4520 Corp. et al.*, Cause No. 2024LA1640 in the 3rd Judicial Circuit Court for Madison County, Illinois;
>
> *Gast, Vincent, Sr. & Kathryn v. Asbestos Corp. Ltd., et al.*, Cause No. 21L1227 in the 3rd Judicial Circuit Court for Madison County, Illinois;
>
> *May, Erynne SA for Donna Maher v. 3M Company, et al.*, Cause No. 20L728 in the 3rd Judicial Circuit Court for Madison County, Illinois;
>
> *Davis, Linda S. & Roger v. Ace Hardware Corp., et al.*, Cause No. 22LA0557 in the 20th Judicial Circuit Court for St. Clair County, Illinois;
>
> *Irvin, Donald v. 84 Lumber Co., et al.*, Cause No. 23LA377 in the 20th Judicial Circuit Court for St. Clair County, Illinois;
>
> *Miller, Stephen & Cheryl v. 84 Lumber Co., et al.*, Cause No. 23LA0476 in the 20th Judicial Circuit Court for St. Clair County, Illinois;
>
> *Porter, John v. 84 Lumber Co., Inc., et al.*, Cause No. 21L1034 in the 20th Judicial Circuit Court for St. Clair County, Illinois;

*Raulerson, Raymond Wayne v. 3M Company, et al.,* Cause No. 24LA1098 in the 20th Judicial Circuit Court for St. Clair County, Illinois;

*Woodall, George & Nadine v. 84 Lumber Co., et al.,* Cause No. 23LA1152 in the 20th Judicial Circuit Court for St. Clair County, Illinois;

*Young, Tom & Jayne v. 84 Lumber Co., et al.,* Cause No. 23LA0655 in the 20th Judicial Circuit Court for St. Clair County, Illinois;

*Bilyeu, Richard & Cecilia v. 84 Lumber Co., et al.,* Cause No. 2422-CC113147 in the 22nd Judicial Circuit Court for St. Louis County, Missouri;

*Fullerton, David v. 84 Lumber Co., et al.,* Cause No. 2422-CC02391 in the 22nd Judicial Circuit Court for St. Louis County, Missouri;

*Duvall, Seth v. DAP Products, Inc., et al.,* Cause No. 2022-33758-ASB in CCL#5 for Dallas County, Texas;

*Jones, Walter E. & Billie v. 3M Co., et al.*, Cause No. CC-21-05238-E in CCL#5 for Dallas County, Texas;

*Baird, Cecil R. & Christine v. Union Carbide Corp., et al.,* Cause No. 24x12000547 in the Circuit Court for Baltimore City, Maryland;

*Moss, John v. Guard-line, Inc., et al.*, Cause No. 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-21 in the Tarrant County District Court for the State of Texas; and

*Tranmer, Preston E. & Judith v. John Crane Houdaille, Inc., et al.,* Cause No. 24x12000025 in the Circuit Court for Baltimore City, Maryland.

14. Murco has also tendered other Pending Asbestos Suits to Canal and Interstate.

15. Stonewall files this declaratory judgment action against Murco, Canal, and Interstate concerning the Parties' respective rights and obligations for defense and indemnity costs and/or contribution relating to these Underlying Lawsuits.

## COUNT I – DECLARATORY JUDGMENT
## AGAINST MURCO AS TO POLLUTION EXCLUSION

16. Stonewall incorporates by reference the allegations set forth in paragraphs 1 through 15 above.

17. A justiciable controversy exists as to the rights and duties of Stonewall and Murco under the policies at issue.

18. Stonewall seeks a declaration that coverage for the Underlying Lawsuits is excluded by the express language of the policies at issue because Murco's liability arises from the discharge, dispersal, release or escape of irritants or contaminants, where such discharge, release, or escape was not sudden and accidental.

## COUNT II – DECLARATORY JUDGMENT
## AGAINST MURCO, CANAL, AND INTERSTATE FIRE
## AS TO CONTRBUTION RIGHTS

19. Stonewall incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20. A justiciable controversy exists as to the rights and duties of Stonewall, Murco, Canal, and Interstate Fire under the policies at issue.

21. Stonewall seeks a declaration against Canal and Interstate as to its rights of contribution for defense and indemnity payments with respect to the Underlying Lawsuits and against Murco to the extent it is obligated to satisfy insolvent primary policy limits.

## COUNT III – DECLARATORY JUDGMENT
## AGAINST MURCO, CANAL, AND INTERSTATE FIRE
## AS TO ALLOCATION

22. Stonewall incorporates by reference the allegations set forth in paragraphs 1 through 21 above.

23.  A justiciable controversy exists as to the rights and duties of Stonewall, Murco, Canal, and Interstate Fire under the policies at issue.

24. Stonewall seeks a declaration against Murco, Canal, and Interstate Fire as to the appropriate allocation methodology applicable to determine the obligations of multiple insurers and the insured when multiple policies have been triggered by the Underlying Lawsuits.

## COUNT IV – DECLARATORY JUDGMENT
## AGAINST MURCO, CANAL, AND INTERSTATE FIRE
## AS TO ATTACHMENT POINT

25.  Stonewall incorporates by reference the allegations set forth in paragraphs 1 through 24 above.

26.  A justiciable controversy exists as to the rights and duties of Stonewall, Murco, Canal, and Interstate Fire under the policies at issue.

27.  Stonewall seeks a declaration against Murco, Canal, and Interstate Fire as to how Murco may, if ever, appropriately attach the Canal and Interstate Fire Policies when the primary insurer is insolvent or has been liquidated.

## CONDITIONS PRECEDENT

28.  All conditions precedent to Stonewall's claims for relief have been performed or have occurred.

## PRAYER

WHEREFORE, Stonewall respectfully prays that the Court enter judgement declaring the parties' respective indemnity rights and obligations and award Stonewall attorney's fee, costs of court, and all other relief to which it is justly entitled.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, Texas 78746
512-472-0288 (main)
512-472-0667 (direct)
512-472-0721 (fax)

By: */s/ Mark T. Beaman*
   Mark T. Beaman
   State Bar No. 01955700
   mbeaman@germer-austin.com
   Ryan C. Bueche
   State Bar No. 24064970
   rbueche@germer-austin.com
   Kelli Smith
   State Bar No. 24008053
   KSmith@germer.com

**ATTORNEYS FOR PLAINTIFF, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, FORMERLY KNOWN AS STONEWALL INSURANCE COMPANY**